May Term,
1851.

WILKERSON
v.
THE STATE.

WILKERSON *v.* THE STATE.

A person, through his agent, borrowed of the defendant 500 dollars, and gave his note for 550 dollars payable in one year. The defendant handed the agent 550 dollars, but immediately received the 50 dollars again from the agent as interest. *Held,* that the contract was usurious.

*Thursday,*
*May 29.*

ERROR to the *Jennings* Circuit Court.

BLACKFORD, J.—This was an indictment against *Wilkerson* for contracting for usurious interest.

The indictment is to the following effect: That the defendant, on, &c., in the year eighteen hundred and forty-six, at, &c., lent to one *Alley* 500 dollars, and then and there reserved by contract, and secured by a note and mortgage taken from *Alley,* 550 dollars, payable in one year; which contract, note, and mortgage for 550 dollars, payable in one year, were usurious in this, to-wit, that 500 dollars were the whole consideration paid therefor by *Wilkerson ;* that by said usurious contract, note, and mortgage, *Wilkerson* reserved and secured to himself ten *per cent. per annum* interest for the use and forbearance of said 500 dollars for one year, and corruptly, unlawfully, and usuriously secured to himself a greater rate of interest than six *per cent. per annum ;* that the excess so reserved and secured, over and above six *per cent. per annum* for the giving day of payment for one year for said 500 dollars, is 20 dollars; and so the defendant did, then and there, commit wilful and corrupt usury, contrary to the form of the statute, &c.

Plea, not guilty. The cause was submitted to the Court, and judgment rendered against the defendant fining him 40 dollars.

On the trial, two witnesses only were examined. One of them was *Alley,* the person who had borrowed the money. He stated that, in the previous summer, he employed a certain person to obtain a loan of money, instructing him to pay as high as ten *per cent.* for the loan, if he could not get it for less, and that his said agent afterwards informed the witness that he had negotiated a

loan of the defendant. This witness further stated, that, on the 22d of *June*, 1847, he and his said agent went to the defendant at *Scipio*, in said county; that the witness executed and delivered his note to the defendant payable in one year from date for 550 dollars, with a mortgage to secure the payment; that the defendant counted out money to the defendant's said agent, and said agent handed to the witness the sum of 500 dollars, which was all the consideration the witness received for said note and mortgage; that the contract for the loan was made by the witness's said agent with the defendant.

The other witness was the said agent of *Alley*, the borrower of the money. This witness said that he negotiated a loan from the defendant to said *Alley* on the 22d of *June*, 1847; that he drew said note and mortgage, and when they were executed, he delivered them to the defendant, whereupon the defendant handed to this witness 550 dollars; that this witness forthwith handed back to the defendant 50 dollars of the money, and handed the other 500 dollars to said *Alley*. This witness further stated that his receiving the 50 dollars, and returning the same as aforesaid, were in accordance with an understanding between him and the defendant, and that that sum was for interest on the money borrowed as aforesaid by said *Alley*.

This was all the evidence in the cause.

The defendant contends that the evidence does not show a contract for usurious interest; but we think he is mistaken. The transaction amounts to this, that *Alley* borrowed 500 dollars of the defendant, and agreed to pay him for the same 550 dollars at the expiration of one year from the time the money was borrowed. At least the Court, sitting in the place of a jury, were warranted in inferring that to be the nature of the transaction. That being so, the contract was for the payment of ten *per cent. per annum* interest on the loan; the law not authorizing interest at a higher rate than six *per cent. per annum*. The contract was therefore usurious, and the offence indictable. R. S. p. 582.

May Term, 1851.

WILKERSON
v.
THE STATE.

May Term,
1851.

*Per Curiam.*—The judgment is affirmed with costs.

*H. C. Newcomb,* for the plaintiff.

*D. Wallace,* for the state.